**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 11-4975**

─────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JOHN E. WIDDOWS,

              Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Benson Everett Legg, District Judge.
(1:10-cr-00081-BEL-1)

─────────

Submitted:  March 27, 2012        Decided:  March 30, 2012

─────────

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

─────────

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

─────────

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge,
Maryland, for Appellant.  Mark Walter Crooks, OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John E. Widdows pleaded guilty, pursuant to a written plea agreement, to one count of sexual exploitation of a minor for the purpose of producing child pornography, in violation of 18 U.S.C.A. § 2251(a) (West Supp. 2011). The district court sentenced Widdows to 220 months in prison followed by a lifetime of supervised release. On appeal, Widdows' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he could find no meritorious issues for appeal, but questions whether trial counsel provided ineffective assistance by failing to seek or obtain a lower sentence. Widdows was notified of his right to file a pro se supplemental brief but has not done so. The Government moved to dismiss the appeal to the extent it is precluded by the appeal waiver in Widdows' plea agreement.

We consider a defendant's waiver of his right to appeal de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). Where the United States seeks to enforce an appeal waiver and there is no claim that the United States breached its obligations under the plea agreement, we generally will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to waive the right to appeal; and (2) the issue being appealed is within the scope

2

of the waiver.  United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record confirms that Widdows knowingly and intelligently waived his right to appeal his sentence.  In his plea agreement, Widdows waived the right to challenge his conviction or sentence on appeal, reserving only the right to appeal any term of imprisonment to the extent it exceeded a Guidelines offense level of thirty-seven.  The wide scope of Widdows' appellate waiver therefore forecloses our review of most issues relating to his conviction and sentence.  Accordingly, we grant the Government's motion to dismiss the appeal to the extent Widdows appeals issues within the compass of the waiver.

The issue raised by Anders counsel is, however, unwaivable.  See United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994).  Thus, Widdows' ineffective assistance of counsel claim survives his appeal waiver.  Such ineffective assistance claims are, however, generally not cognizable on direct appeal.  United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).  Our review of the sentencing hearing reveals that Widdows' counsel argued on his behalf for the statutory minimum sentence.  We find no conclusive display of ineffective assistance warranting our intervention on direct appeal.

In accordance with <u>Anders</u>, we have thoroughly examined the entire record for any other potentially meritorious issues outside the scope of Widdows' appeal waiver. We have found no such issues. Therefore we dismiss the appeal in part and affirm the remainder of the district court's judgment. This court requires that counsel inform Widdows, in writing, of the right to petition the Supreme Court of the United States for further review. If Widdows requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Widdows. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>